IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MONTY SHELTON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:21-cv-659-TC |

Petitioner Monty Shelton has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Mr. Shelton, who was convicted in federal court in 2003 of drug and firearm crimes in the Eastern District of Texas, is currently serving the supervised release portion of his federal sentence here in Utah. He contends he is being unlawfully detained by the United States of America in violation of his constitutional rights and must be released. Because this court lacks subject matter jurisdiction to review his challenge to the conviction and sentence, his Petition is denied.

**PROCEDURAL BACKGROUND**

In 2004, after a jury convicted him of possession with intent to distribute methamphetamine (Count One) and two counts of receipt of a firearm while under indictment (Counts Two and Three), a federal district court in the Eastern District of Texas sentenced Mr.

---

[1] ECF No. 1.

1

Shelton to 405 months of imprisonment for the drug charge and 60 months each for the firearm charges, all to be served concurrently. (See Mar. 5, 2004 Judgment in a Criminal Case, ECF No. 54 in United States v. Shelton, Crim. Case No. 4:03-cr-00081-001 (E.D. Tex.).) Mr. Shelton unsuccessfully appealed his conviction to the Fifth Circuit Court of Appeals, which held, in response to his claim that the evidence was insufficient to support his convictions, that the evidence of guilt was "overwhelming." United States v. Shelton, 119 F. App'x 638, 639 (5th Cir. 2005), cert. denied, 546 U.S. 910 (2005).

In 2006, Mr. Shelton filed a motion under 28 U.S.C. § 2255 in the sentencing court, where he sought an order vacating his sentence. His multiple grounds for relief included claims of ineffective assistance of counsel at trial and on appeal, Sixth Amendment violations, prejudicial shackling at trial, and the Government's alleged use of false testimony. His challenge included a claim of actual innocence. The court denied the § 2255 motion. (See Nov. 23, 2009 Report & Recommendation of U.S. Magistrate Judge and Dec. 11, 2009 Order of Dismissal, ECF Nos. 24–25, in Shelton v. United States of America, Civil Action No. 2:06-cv-414-LED-DDB (E.D. Tex.).) The Fifth Circuit subsequently denied his motion for a certificate of appealability. Mr. Shelton then filed a motion to alter or amend the judgment, in which he asked the court to reverse its decision and address his claim of factual innocence. After that was denied, Mr. Shelton filed a motion for relief from judgment under Federal Rule of Procedure 60(b). The sentencing court denied that motion, and again the Fifth Circuit denied his motion for certificate of appealability, finding the Rule 60(b) motion was "in the nature of a successive § 2255 motion" and that "[r]easonable jurists would not debate the district court's ruling denying relief." (See Aug. 21, 2012 Order at 1–2, United States v. Shelton, No. 11-40534 (5th Cir.).)

Years later, Mr. Shelton filed a series of habeas corpus petitions under 28 U.S.C. § 2241, just as he has done here. In all those petitions, he asserted that he is actually innocent of the firearm charges.

First, in 2013, he filed a § 2241 petition in the district court for the Central District of California, where he was being incarcerated.[2] That district court characterized the petition as a "disguised successive § 2255 motion attacking his convictions" and dismissed the petition for lack of jurisdiction. (Jan. 8, 2014 Order Denying Petition & Dismissing Action at pp. 2 and 5, ECF No. 4 in Shelton v. United States of America, No. 2:13-cv-9010-ABC-JPR (C.D. Cal.).) The Ninth Circuit denied his motion for certificate of appealability. (See Sept. 26, 2014 Order of the Ninth Circuit Court of Appeals, ECF No. 15 in Shelton v. United States, No. 2:13-cv-9010-ABC-JPR (C.D. Cal.).)

In 2016, after being transferred to a federal correctional facility in Arkansas, he filed a § 2241 petition in the U.S. District Court for the Eastern District of Arkansas. That too was denied for lack of subject matter jurisdiction, and the Eighth Circuit affirmed the dismissal. (See July 6, 2017 Order, and June 20, 2017 Recommended Disposition, ECF Nos. 11–12 in Shelton v. Beasley, No. 2:16-cv-00165-JM-JTR (E.D. Ark.); July 27, 2018 Opinion, No. 17-2855 (8th Cir.).)

In 2019, he filed yet another § 2241 petition, this time in the Western District of Texas where he had been transferred. And, again, it was denied for lack of subject matter jurisdiction. (See Oct. 29, 2020 Report & Recommendation, and Feb. 3, 2021 Order on Report &

---

[2] A prisoner must file his § 2241 petition in the district where he is confined, as opposed to a § 2255 motion, which he must file in the sentencing court. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Recommendation, ECF Nos. 12 and 18 in Shelton v. United States, 1:19-cv-1233-LY-ML (W.D. Tex.).)

He has since been released from the custody of the Bureau of Prisons and is serving the supervised release portion of his sentence in Utah. Now it is this court's turn.

## ANALYSIS

In his Petition, Mr. Shelton contends he is actually innocent of the two firearm charges and is being held illegally. (See Petition for Writ of Habeas Corpus at 3–4, ECF No. 1.) In support, he focuses on the sufficiency of evidence presented at trial and the actions of the prosecutor.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity," while a § 2255 motion "attacks the legality of detention." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitions brought under § 2241 "are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011) (emphasis in original). Accordingly, a prisoner who challenges the legality of his detention (as Mr. Shelton does) must do so under § 2255. Bradshaw, 86 F.3d at 166.

As noted above, Mr. Shelton filed an unsuccessful § 2255 motion in the Eastern District of Texas. The Fifth Circuit later found that Mr. Shelton's Rule 60(b) Motion in the sentencing court was "in the nature of a successive § 2255 motion" and denied his request for a certificate of appealability.

To file yet another § 2255 motion, Mr. Shelton would have to obtain permission from the Fifth Circuit after showing one of two circumstances: (1) there is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

4

clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). He has not cited any newly discovered evidence or a new rule of constitutional law. (Moreover, even if he had, he would have to file the § 2255 motion in the sentencing court (the Eastern District of Texas).)

His only remaining option to collaterally attack his conviction lies with the "savings clause" of § 2255(e). Mr. Shelton bears a steep burden to show that the savings clause applies, for "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010).

To qualify under the savings clause, Mr. Shelton must show that "'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Abernathy v. Wandes, 713 F.3d 538, 547 (10th Cir. 2013) (quoting 28 U.S.C. § 2255(e)). He claims that he

> has a colorable claim of factual innocence of his conviction and the actions of the U.S. Attorney, the Sentencing Court and the Fifth Circuit Court of Appeals has rendered 28 U.S.C. § 2255 inadequate and ineffective. Exceptional circumstances warrant review of Petitioner's claims because he has never received a full and fair hearing on the merits of his factual innocence claims, nor has Petitioner been afforded an unobstructed procedural shot to present those factual innocence claims.

(Petition at 1.)

Mr. Shelton's arguments (including that he is actually innocent of the firearm charges) were tested, or could have been tested, in his initial § 2255 motion with the Eastern District of Texas. (See Oct. 5, 2006 Mot. Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; Nov. 23, 2009 Report & Recommendation of U.S. Magistrate Judge; and Dec. 11, 2009 Order of Dismissal, ECF Nos. 1, 24–25 in Shelton v. United States, No. 4:06-cv-414-LED-DDB (E.D. Tex.).) In fact, much of what he asserts here—including lack

5

of evidence of his guilt in Counts Two and Three—could have been raised in his initial appeal to the Fifth Circuit.  Indeed, the Fifth Circuit held that the evidence of Mr. Shelton's guilt on all three counts was "overwhelming, and any error by the court in admitting improper evidence was harmless given the weight of the evidence against [Mr. Shelton]."  Shelton, 119 F. App'x at 639.  Here, he repeats many of those claims about the evidence at trial and re-asserts the same justifications for release.  (See, e.g., Petition at 6 ("[Mr. Shelton's] first two claims [in his § 2255 motion before the sentencing court] were his actual innocence claims of Count Two and Three," and "[t]he record provides incontrovertible proof of [Mr. Shelton's] innocence of Counts Two and Three and there has never been a ruling on the merits of his actual innocence claims.").)

If "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion, … then the petitioner may not resort to the savings clause and § 2241."  Prost, 636 F.3d at 584.  Mr. Shelton complains that he has "never received a full and fair hearing on the merits of his factual innocence claims, nor has [he] been afforded an unobstructed procedural shot to present those factual innocence claims."  (Petition at 1.)  But that does not make his Petition eligible for review under § 2241.

A procedural bar (such as the bar on second or successive § 2255 motions) does not make a remedy inadequate or ineffective under § 2255(e).  Hale v. Fox, 829 F.3d 1162, 1171 (10th Cir. 2016); Bradshaw, 86 F.3d at 166 (a previous failure to obtain relief under § 2255 does not establish that the remedy is inadequate or ineffective).  Additionally, "the likelihood of success does not factor into [the Tenth Circuit's] inadequate or ineffective analysis."  Boyce v. Berkebile, 590 F. App'x 825, 826 (10th Cir. 2015) (citing Abernathy, 713 F.3d at 548).  Rather,

6

"it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative."[3] Prost, 636 F.3d at 589.

The fact that Mr. Shelton filed a § 2255 motion, which was reviewed on the merits, demonstrates that he did have an opportunity to obtain the relief he seeks now. There was no "infirmity of the § 2255 remedy." He may disagree with the merits of that decision, but that does not qualify him for review under § 2255(e).

Mr. Shelton's reliance on the "fundamental miscarriage of justice" exception in McQuiggin v. Perkins, 569 U.S. 383, 133 S. Ct. 1924 (2013), does not change the court's conclusion. Based on McQuiggin, "[a] prisoner can establish actual innocence in post-conviction proceedings by bringing forward new exculpatory evidence." Hale, 829 F.3d at 1171 (citing McQuiggin, 133 S. Ct. at 1928). But Mr. Shelton has not presented new exculpatory evidence. Instead, he discusses evidence available at the time of trial. More importantly, the Tenth Circuit has held that "a showing of actual innocence is irrelevant" to the question of whether the remedy under § 2255 is inadequate or ineffective under § 2255(e). Abernathy, 713 F.3d 538 at 546 n.7 (citing Prost, 636 F.3d at 584–93).

In light of Tenth Circuit law, nothing in Mr. Shelton's Petition satisfies the requirement that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Accordingly, this court does not have jurisdiction to review the arguments in his Petition. See Abernathy, 713 F.3d at 557 ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

---

[3] As an example of a remedy infirmity, the Tenth Circuit pointed to the situation in Spaulding v. Taylor, 336 F.2d 192 (10th Cir. 1964), where the sentencing court had been abolished and the prisoner had no place to bring his initial collateral attack. Prost, 636 F.3d at 588.

7

**ORDER**

For the foregoing reasons, the court denies Mr. Shelton's Petition for Writ of Habeas Corpus and dismisses the case for lack of jurisdiction.

DATED this 23rd day of September, 2022.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge